Chief Justice Robertson,
delivered the opinion of the court.
Everst sued Taul in covenant. Hie declaration contained four counts:
1st. On a note for ,$450, payable one year after the date, or $550, if the $450 should not be paid punctually.
2d. On a note ibr $450, payable in a year.
3d. On a covenant to pay $100, in adddition to the $450, mentioned in the second count, if the latter sum ehould not be paid on the day of payment.
4th. On a covenant to pay $100, unless the cove-nantor should pay $750, on the day on which it fell due, for which last sum suit had been brought, in petition and summons.
Taul having failed to appear, a jury, sworn to inquire of damages, found a verdictfor $654 50 cents,in damages. On a subsequent day of the term, Taul appeared, and moved for a new trial, on the ground that the verdict was excessive. The court overruled the motion, and rendered judgment on the verdict.
This judgment is, in our opinion, erroneous. The covenants to pay $100, on the note-for $450, and $100 on the note for $750, in addition to the primary sums of $450, and $750, form parts of the principal covenants, and are embraced in the same writings with them. The additional $100, in each case, should be considered '•'•nomine peños.”
If A covenant to pay B $500, one year after date, and $100, if he shall fail punctually to pay the $500; the $160 superadded to the primary debt, is as much a penalty, in effect, as if it had, been made so in form. ^ar6es may, by contract, liquidate the damages to which either of them shall be entitled, for a breach of covenant by the other; but whether the contract shall be interpreted, as a mere liquidation of damages, or not, must depend on the facts, peculiar to its nature and stipulations. See, on this point,III Starkie on Evidence, 1130.
Simple covenant to pay larger sum for failing to pay debtondayi becomes due, will rarely be enforced for the additional sum, if it exceed legal interest By statute, common law judge is authorized in a&-ter judgment for penalty, “lo be?f' payment of principal, in-aari oosts‘”
Hanson, for plaintiff;
The eases are rare indeed, in which it has ever been decided, that a simple covenant to pay a larger sum, for failing to pay a debt on the day it became due, could be enforced for the additional sum, if it exceeded the legal interest. If the aditional sum be claimed for forbearance, and, exceed six per cent on the principal sum, it will be usury. If it be not exacted for forbearance, but for a delinquency in .prompt payment, it will generally be considered. as a penalty. In such a case, the chancellor, would have relieved from the penalty, when, according to the common law, the judgment on the contract, was rendered for the largest amount. But the interposition of the chancellor is now unnecessary. By statute, it is made the duty of the court to render judgment for the debt or damages, actually due.
In this case, all that was due on the note for- 0450, was the principal sum, and legal interest upon it; and a former suit having been brought on the note for $¡750, the 0100 penalty in that note, was not collectable by suit. That the 0100, in each case,.must'be considered as penalty only, has been virtually decided, in the case of Groves vs. Groves, I Washington, 1; and in that of Winslow vs. Dawson, 119, Ibid; and in that of Mayo vs. Judah, V Monford, 495-507.
We are well satisfied, that the only notes, which were embraced or relied on, in the declaration, and' considered by the jury., were these two notes; one for $¡450, and the other for $750; and it is evident that the judgment is for a larger sum than Sveret was entitled to on these notes. The verdict included, without doubt, the penalties.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.